ANDREW J. COLLINS, RESPONDENT, v. THE CENTRAL
RAILROAD COMPANY OF NEW JERSEY, APPELLANT.

Argued March 22, 1917—Decided June 18, 1917.

1. In a case where the defendant was charged with negligence because of defective premises, an instruction to a jury "That if the defendant company had, *at any time*, before the accident, either knowledge or notice of a dangerous condition of its premises, it would have been negligence on the part of the company not to have remedied this condition," is erroneous, because the defendant is entitled to a reasonable time to inspect, discover and repair such defect. "At any time before the accident" includes immediately prior.

2. An erroneous instruction is not cured by a subsequent correct one, unless the illegal one is withdrawn.

On appeal from the Essex County Circuit Court.

For the respondent, *C. Herbert Walker.*

For the appellant, *Charles E. Miller.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff was lawfully in the freight station of defendant at Newark, N. J., for the purpose of moving some bags of manure. After he had taken one and was returning for another, an iron radiator fell on him and inflicted injuries for which he brings this action.

It is not necessary to determine whether any negligence of defendant was shown, because this judgment must be reversed for error in the charge of the court, which was as follows: "If the defendant company had, at any time before the accident, either knowledge or notice of a dangerous condition of its premises it would have been negligence on the part of the company not to have remedied this condition." "At any time before the accident" includes immediately before, and under our cases defendant was entitled to a reasonable time within which to inspect, discover and repair the defective condition

if it existed. *Schnatterer* v. *Bamberger & Co.,* 81 *N. J. L.*
558. All that is required is reasonable care and ordinary pru-
dence. *Ruane* v. *Erie Railroad Co.,* 83 *Id.* 423.

The fact that the court subsequently charged the correct
rule, if he did as is claimed, does not cure the trouble, for as
Mr. Justice Parker said in *State* v. *Tapack,* 78 *N. J. L.* 208,
"The rule is well settled that an erroneous instruction, fol-
lowed or accompanied by a correct one is not cured by the lat-
ter unless it is also expressly withdrawn, as the jury is left
at liberty to adopt either."

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE,
TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE,
HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.